IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD WAYNE STROUTH, | ) |
| Petitioner, | ) Case No. 3:00-00836 |
| | ) Chief Judge Haynes |
| v. | ) |
| WAYNE CARPENTER, Warden, | ) |
| Riverbend Maximum Security Institution, | ) |
| Respondent. | ) |

**ORDER**

Before the Court is Petitioner's motion to reopen proceedings (Docket Entry No. 140) pursuant to Fed. R. Civ. P. 60(b) seeking relief from judgment and citing the equitable exception to the rules of procedural default in Martinez v. Ryan, 566 U.S.__, 132 S.Ct. 1309 (2012). See also Trevino v. Thaler, 133 S.Ct. 1911 (2013). Petitioner contends that Martinez applies to his defaulted claims of ineffective assistance of trial counsel for trial counsel's and post conviction counsel's failure to develop and present evidence of Strouth's mental illness and brain damage in the guilt-innocence and penalty phases of his trial.

In his response, the Respondent argues that in light of the Sixth Circuit's recent opinion in McGuire v. Warden, Chillicothe Correctional Inst., 738 F.3d 741 (2013), that Martinez and Trevino, standing alone, do not present an "extraordinary circumstance" for relief under Rule 60. As the Sixth Circuit stated, "Trevino does not, however, require [Rule 60 relief], because intervening law does not generally permit the re-opening of finally decided cases, and even if it does in some truly extraordinary cases, this is not such a case." Id. at 750. Moreover, the Sixth Circuit observed that absent new facts "the single fact that Trevino has been decided does not change the balance of

[Rule 60(b)(6)] factors sufficiently to require Rule 60(b) relief" because the "Trevino decision is flatly not a change in the constitutional rights of criminal defendants, but rather an adjustment of an equitable ruling by the Supreme Court as to when federal statutory relief is available." Id. at 750-51.

In its earlier ruling, the Court found that Strouth's post-conviction counsel "had access to any and all mental health records as well as the assistance of a mental health professional who reviewed those records. Notwithstanding this access, during state court proceedings, Petitioner's lead counsel failed to raise any claim of ineffective assistance of trial counsel for failure to present mental health evidence for mitigation purposes at his capital sentencing hearing." (Docket Entry No. 93, Order at 2-3). In such instances, "(t)here is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'" Harrington v. Richter, 131 S.Ct 770, 790 (2011) quoting Yarborough v. Gentry, 540 U.S. 1, 8 (1993). Given Petitioner's lack of new facts, the Court concludes that Petitioner has not presented grounds for Rule 60 relief.

Accordingly, Petitioner's motion (Docket Entry No. 140) is **DENIED**.

It is so **ORDERED**.

ENTERED this the __13th__ day of February, 2014.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court