IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONALD WAYNE STROUTH,          )
                               )
          Petitioner,          )          Case No. 3:00-cv-00836
                               )          Chief Judge Haynes
v.                             )
                               )
WAYNE CARPENTER, Warden[1],     )
Riverbend Maximum Security Institution,   )
                               )
          Respondent.          )

## MEMORANDUM

Before the Court is Petitioner's motion to alter or amend (Docket Entry No. 145) seeking to

set aside the Order denying Plaintiff's motion to reopen this action. (Docket Entry No. 143). In his

earlier motion under Fed. R. Civ. P. 60(b), Petitioner sought relief citing the equitable exception to

the rules of procedural default in Martinez v. Ryan, 566 U.S.__, 132 S.Ct. 1309 (2012). See also

Trevino v. Thaler, 133 S.Ct. 1911 (2013). Petitioner contended that Martinez applies to his defaulted

claims of ineffective assistance of trial counsel for trial counsel's failure to develop and present

evidence of Strouth's mental illness and brain damage in the guilt-innocence and penalty phases of

his trial and his post conviction counsel's failure to do so in his post conviction proceedings.

The Court denied that motion, citing McGuire v. Warden, Chillicothe Correctional Inst., 738

F.3d 741 (6th Cir. 2013) that held Martinez and Trevino, standing alone, do not present an

"extraordinary circumstance" to justify Rule 60 relief. In McGuire, the Sixth Circuit stated, "Trevino

does not, however, require [Rule 60 relief], because intervening law does not generally permit the

_____

[1]Pursuant to Fed. R. Civ. P. Wayne Carpenter was substituted as the successor warden.
(Docket Entry No. 141)

1

re-opening of finally decided cases, and even if it does in some truly extraordinary cases, this is not such a case." Id. at 750. Moreover, the Sixth Circuit observed that absent new facts "the single fact that Trevino has been decided does not change the balance of [Rule 60(b)(6)] factors sufficiently to require Rule 60(b) relief" because the "Trevino decision is flatly not a change in the constitutional rights of criminal defendants, but rather an adjustment of an equitable ruling by the Supreme Court as to when federal statutory relief is available." Id. at 750-51.Because Petitioner had not set forth any factual bases for relief, the Court denied Petitioner's Rule 60 motion.

In his motion to alter or amend that Order, Petitioner asserts several grounds: (1) that in earlier proceedings in this action, this Court found Petitioner's post conviction counsel ineffective and its Order denying Rule 60 relief, contradicts its earlier ruling; (2) that the Court erroneously assumed that any omission of Petitioner's post conviction counsel was a "tactical decision" that is now contradicted by the affidavit of his post conviction counsel who also has been his lead counsel in this habeas action; (3) that Martinez was intended to "loosen" the procedural default doctrine for failures to develop claims through counsel's lack of diligence and applies to Tennessee's system; and (4) that the Court's grant of a Certificate of Appealability necessarily found merit in this latest habeas claim to qualify under Martinez for another review and is inconsistent with the Order denying Rule 60 relief.

In response. Respondent argues that Petitioner's post conviction counsel's affidavit cannot be considered to support his motion to alter or amend because the facts in the affidavit were known at the time of Petitioner's motion to reopen. Respondent also argues that the Court correctly applied McGuire to deny relief.

Prior to an analysis of the merits of this motion, a jurisdictional issue must be resolved.

2

Petitioner filed his motion to alter or amend on March 13, 2014, but on March 14, 2014 Petitioner filed his notice of appeal (Docket Entry No. 146). As a general rule, a district court is divested of jurisdiction as soon as a party files a notice of appeal and jurisdiction is automatically transferred to the Sixth Circuit. Pittock v. Otis Elevator Co., 8 F.3d 325, 327 (6th Cir. 1993). There are three exceptions to this rule, Griffin v. Tate, No. 93-4254, 1994 WL 198146 at *1 (6th Cir. May 18, 1994), with only one applicable here, namely, whether a decision on Petitioner's motion would be "in aid of the appeal." Id. (citing Hogg v. United States, 411 F.2d 578, 580 (6th Cir. 1969)). Yet, because Petitioner timely filed this motion before filing his notice of appeal, "the notice of appeal is premature and the district court shall retain jurisdiction over the unresolved motion." United States v. Murr, Nos. 92-6250, 92-6252, 1993 WL 288307 at * 2, 1 F.3d 1243 (6th Cir. July 29, 1993). The Court considers this motion under the latter two authorities.

First, as to the Court's earlier ruling cited by Petitioner, (Docket Entry No. 93, Order), that ruling was in the context of Petitioner's motion to reconsider the Order denying discovery and an evidentiary hearing. The Court so ruled because Petitioner's post-conviction counsel "had access to any and all mental health records as well as the assistance of a mental health professional who reviewed those records. Notwithstanding that access, during state court proceedings, Petitioner's lead counsel failed to raise any claim of ineffective assistance of counsel at sentencing for any alleged failure of counsel to present mental health evidence for mitigation purposes at his capital sentencing hearing."Id. at 2-3. In a word, the cited Order did not find that post conviction counsel was ineffective. Moreover, as reflected in the earlier appeal in this action, this Court[2] as well as the Sixth

---

[2]In Petitioner's post conviction proceeding, Petitioner's counsel submitted an expert's statement on the inadequacy of the mental evaluation of Petitioner. There, the appellate court stated: "In this record, we have only a written statement from Dr. Broughan that Strouth's

3

Circuit considered the merits of this claim in Petitioner's Rule 60 motion and found this claim to be

without merit

> **Ineffective assistance (penalty phase). As to the penalty phase of the trial, Strouth argues his attorney should have done more: (1) hired an expert to perform a mental-health evaluation of Strouth, which allegedly would have revealed evidence of brain damage and mental illness;** (2) investigated his troubled upbringing and family problems; (3) investigated his criminal records in North Carolina to rebut the State's introduction of that evidence in support of an aggravating circumstance; and (4) emphasized Strouth's youth as a mitigating circumstance. We disagree.

> **1. Mental-health evaluation. While litigating his first petition for postconviction relief in state court, Strouth sought state funding to develop expert testimony about his mental health. The court denied his request. Strouth II, 755 S.W.2d at 821. In reviewing that decision, the Court of Criminal Appeals reasoned that Strouth waived the mental-health issue by not raising it on direct appeal. Id. at 822. Nor did ineffective assistance of appellate counsel excuse the waiver, the court held, as Strouth could not show prejudice because he made "no showing"of what a mental-health evaluation "would have turned up that might have affected the outcome of the sentencing hearing." Id. This was not an unreasonable application of Supreme Court law, which requires a State to fund a psychiatric evaluation only when the defendant's mental health is "likely to be a significant factor in his defense." Ake v. Oklahoma, 470 U.S. 68, 82-83, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985).**

> **Strouth tried to revive the claim in his second petition for postconviction relief in state court. The Court of Criminal Appeals rejected it, holding that the Middlebrooks error (involving the felony-murder aggravating circumstance) did not change the court's earlier analysis. Strouth III, 1997 WL 90636, at \*6 n. 4; see also Strouth IV, 999 S.W.2d at 767.**

---

pre-trial mental evaluation was 'insufficient,' apparently because it addressed the questions of his competency to stand trial and his sanity at the time of the offense, but not the possibility of mitigating circumstances relevant to his sentence. There is no showing in the record, however, of what an evaluation deemed 'sufficient' by Dr. Broughan would have turned up that might have affected the outcome of the sentencing hearing. In the absence of any demonstration of prejudice, we decline to hold that the failure to fund Dr. Broughan's testimony was an abuse of discretion that merits reversal on appeal". Strouth v. State, 755 S. W. 2d 819, 822 (Tenn. Ct. Crim. App. 1986). See also this Court's Memorandum on the merits. (Docket Entry No, 121, Memorandum at 45-49).

In his federal habeas petition, Strouth seeks to "supplement[]" the record with "expert evaluations of his longstanding mental illness." Br. at 99-100. But in reviewing the state court's resolution of Strouth's claim, federal courts must "limit[ ]" themselves to "the record that was before the state court." <u>Cullen v. Pinholster</u>, 563 U.S. ____, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). The new mental-health evidence has no bearing on whether AEDPA permits us to grant him habeas relief on this claim. And because that is the only ground on which Strouth seeks relief with respect to this claim, the claim necessarily fails. Even if that were not the case, the district court's reasoning on this score independently suffices to reject this claim: recent mental evaluations offer little insight into Strouth's state of mind twenty-five-plus years ago, as the state courts reasonably concluded in finding no prejudice.

<u>Strouth v. Colson</u>, 680 F.3d 596, 603 (6th Cir. 2012) (emphasis added). Petitioner's characterization of the discovery Order (Docket Entry No. 93) is unsupported by the record and wholly without merit.

As to the Court's erroneous assumption that post conviction counsel's omission was a "tactic", as reflective by post conviction counsel's affidavit, Respondent correctly observes that a motion to alter or amend under Rule 59 is limited to (1) an intervening change in the controlling law; (2) newly discovered evidence; (3) to correct clear legal error; and (4) to prevent manifest injustice. <u>Henderson v. Walled Lake Consol. Sch.</u>, 469 F.3d 479, 496 (6th Cir. 2006). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence'; and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" <u>Nagle Industries Inc. v. Ford Motor Co.</u>, 175 F.R.D. 251, 254 (E.D. Mich 1997) (quoting <u>Keweenaw Bay Indian Community v. United States</u>, 904 F. Supp. 1139, 1141 (W.D. Mich 1996)). When a Rule 59 motion rests on newly submitted evidence, the party must show "that due diligence would not have uncovered this evidence before the court ruled

on [the] motion" sought to be reconsidered. Scott v. Metropolitan Health Corp., 234 Fed.Appx. 341, 366 (6th Cir. 2007). In denying a Rule 59 motion based on new evidence where a petitioner failed to meet such standard, the Supreme Court stated that "[t]here is a 'strong presumption' that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than 'sheer neglect.'" Harrington v. Richter, 131 S.Ct 770, 790 (2011) (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)). Petitioner makes no such showing here and clearly Petitioner's counsel's belief about his omission was known prior to the filing of Petitioner's motion to reopen. The law on a Rule 59 motion is clear and Petitioner cannot be heard to complain for failing to present known evidence in support of his motion to reopen.

Moreover, without proof on the motion to reopen, as a matter of law, the "strong presumption" attaches to decisions or omissions of counsel. "Because of the difficulties inherent in making the evaluation, **a court must indulge a strong presumption** that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." Strickland v. Washington, 466 U.S. 668, 689 (1984) (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955))(emphasis added). Thus, Petitioner had to know at the time of the filing of the motion to reopen that absent proof, the Court had to presume counsel acted within the range of competence. Moreover, given the ruling on this claim on Petitioner's prior habeas appeal this contention effectively seeks to set aside the Sixth Circuit's prior ruling on Petitioner's appeal of the judgment of this action..

As to th scope of Martinez and its applicability here, prior to Sutton v. Carpenter, Sutton v. Carpenter, No. 12-6310, 2014 WL 1041695,(6th Cir. March 19, 2014) and most of the other

decisions cited by Petitioner, this Court held that <u>Martinez</u> applied to Tennessee's system, <u>Fenton</u> <u>v. Colson</u>, No. 3-09cv1057, 2013WL704317 at *12 (M. D. Tenn. Feb. 25, 2013). Yet, this Court concluded that as an equitable remedy, <u>Martinez</u> should be applied, as warranted by the facts of each case:

> Given <u>Martinez</u>' s equitable approach and Tennessee courts' preference for these ineffective assistance of counsel claims being asserted in state post conviction proceedings, the Court concludes that <u>Martinez</u>' s application to Tennessee's post-conviction system should be based upon the facts of each case, namely whether the facts underlying this type of the new claim were reasonably known to Petitioner or his trial counsel during the trial to enable so as Petitioner or his counsel to preserve the issue for the trial record and his direct appeal. This fact based approach to <u>Martinez</u>' s application would discourage any attempted sabotage of the state trial and direct appeal process by Petitioner withholding proof that may later cause a conviction to be set aside.

<u>Id</u>. This approach is consistent with <u>McGuire</u> that <u>Martinez</u> is not a <u>per se</u> rule entitling the petitioner in every habeas action to another review. Thus, the Court concludes that this contention on <u>Martinez</u>'s applicability here, lacks merit.

Finally, as to the alleged inconsistency in the Court's Order denying the motion to reopen and granting a Certificate of Appealability, this Court does not doubt the correctness of its ruling and granted a Certificate of Appealability only because this is a death penalty habeas action. As the Supreme Court observed, "'the penalty of death is qualitatively different from a sentence of imprisonment, however long. Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two. Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case.'" <u>Gardner v. Florida</u>, 430 U.S. 349, 363 (1977) (White, J. concurring) (quoting <u>Woodson v. North Carolina</u>, 428 U.S. 280, 305 (1976)). Only because of the

Petitioner's death sentence did the Court grant a Certificate of Appealability. If such discretion is unavailable for death penalty actions under 28 U. S. C. §2253(c), then the Court would deny the Certificate of Appealability.

For these collective reasons, the Court concludes that Petitioner's motion to alter or amend should be denied.

An appropriate Order is filed herewith

**Entered** this the _8th_ day of April, 2014.

William J. Haynes, Jr.
Chief United States District Judge